Our final case for argument is 22-1474, NXP v. Impinj. Counsel, how do I say your name? Good morning, Your Honor. It looks odd, but it's actually easy. It's pronounced Sweezy. Okay. Ms. Sweezy, please proceed. I was not going to say that, so I'm glad I asked. It's not intuitive. Good morning, and may it please the Court. Impinj's claims before this Court are its third iteration of claims in this IPR, and they lack written description. These new claims recite a very specific way of making a combination that goes well past the disclosure of the original application and what this patent is even about. And this morning, I'd like to focus on two aspects of these new claims. And because I'm going to try to orient myself in the order of steps, because this is a rather detailed and lengthy limitation, let me just remind the Court there's four steps in this limitation. One, retrieving one code from a memory bank. Second, retrieving another code from another memory bank. A different memory bank. Yes, Your Honor. Thank you. A different memory bank. Third, concatenating the two codes to form a combination. And fourth, backscattering the combination. And my first point, I'd like to specifically focus on that third step, strictly of concatenating the two codes. And then secondly, I'd like to turn collectively to steps one through three of retrieving, retrieving, and concatenating. Can I just ask, because I'm sort of, I'm not sure if this point is about concatenating or about the combination of the two. Is it possible for a concatenator to concatenate things before both are in the concatenator's possession? I don't understand how that could be true. Which is to say, I don't understand that the other side seems to resist the notion that whatever is doing the concatenating doesn't actually have to have received both things. And I don't even understand how that's possible as an understanding of the word concatenate or an understanding of the word combine, for that matter. Never mind the retrieving step. Maybe you can clarify this for me. I agree with you, Your Honor. I think we're saying the same thing in that, in other words, to perform the function, this is an action, an operation, a function of concatenating, it needs to have the things that are going to be concatenated. In the claim language itself, that's the logical meaning of the claim language. And to be clear, before the board, all the parties in the board also understood that we were all having the same conversations. I do think it goes to the retrieving point. But whether you could even separate the retrieving steps out, you need to have the two codes in possession in order to concatenate them. So I think that does go to the second point, which I'm happy to start there first or go back to strictly the third. Just to pursue the matter, I mean, I guess I had trouble seeing that you made an argument to the board about the sequence of the receiving step and the concatenating. So I'm thinking, well, maybe this is this rare case where a forfeiture should be overlooked because it's perfectly clear what's required. And then I think, well, my concern about, or my current understanding of concatenating as requiring both things to be there and therefore have been received is perfectly true of, what is it, figure 12 with the word combination turned into a verb, so that there clearly would be written description support for that. So I'm not- Let me see if I can take your points, Judge Toronto, in the, maybe I can take them in the order you've raised them, if I understand them. The first thing, did we raise the sequence of order points and then the second, figure 12, which I agree, figure 12 and the corresponding paragraph are probably what's really key here because that's really all the board and Impinj point to in this 26-page original disclosure and what might potentially be concatenating it isn't. But on the point about did we raise the sequence- And maybe figure 13, too, depending on whether it matters whether there's a pause or not, as long as there's no intervening code, that might be concatenating as well. Who knows? And isn't, in our view, because it doesn't, neither one really shows this function of linking two things together. But with respect to the point about did we raise the sequence, so we did. In our opposition to the revised motion to amend, which is at appendix 515 to 516, we said that Impinj failed to show the operations of retrieving codes and concatenating the codes. This isn't complicated language. This is just plain, ordinary speak that I think we're doing and looking at the claim language. But the antecedent of the codes are the codes that have been retrieved. And again, this is something that all the parties understood. Impinj described its claims in the very beginning in its revised motion to amend as concatenating the retrieved codes. That's at appendix 464 in its revised motion to amend. It, again, in its reply at appendix 574 and 575 and 578 to 579 used exactly that same formulation of concatenating the retrieved codes. So the codes have to have been obtained for the concatenating to take place in the processing block. And the board understood this in its final written decision at appendix 28, where it uses very similar language saying the claimed subject matter is about concatenating two codes retrieved from memory. So again, we were all having the same conversation. What's changed is on appeal, Impinj has now said that that's not what the claims require, but the claims by their own language and by all parties' understanding and the board's as well make clear there is a sequence required. The problem is that the board didn't find any specification support for it, never noted any. And Impinj on appeal basically essentially concedes there isn't any specification support. In the page 515 material, do you go on and say not only does the claim require this, but there is no written description support because when you look at figure 12, that doesn't show the sequence? Not in so many words, Your Honor, but by saying, by reciting what Impinj had already described and acknowledged its claims to require as to the sequence by us repeating that in the claim language. And again, it was understood throughout the proceedings at the oral hearing, again, that with the timing element, the chronological element came up before the board and Impinj's counsel agreed at 670 and 659 to 660. Again, there's retrieving and then concatenating. So we were all having the same conversation then, and by saying that the patent owner, that Impinj and the specification failed to show this retrieving and concatenating, we were addressing all of the deficiencies. This is the case of written description where there isn't some disclosure in the patent. There's nothing. There's no reference to concatenating. There's no reference to linking. There's no reference to retrieving and then concatenating. We're simply dealing with an absence of disclosure. So this is actually, I know the court has complicated cases of written description, but here what we're talking about- But just aside from the whole question of whether it discloses retrieving before concatenating, you would argue. Getting back to Judge Toronto's point, I don't understand how one could concatenate without first having the codes on hand. And so therefore, you have to get the data to concatenate the data. Let me give you two answers to that, Judge Toronto. One of the ways that Impinj distinguished these claims from the prior art, I'm sorry, Judge Chen. Excuse me, pardon me, Judge Chen. Is that the prior art, Impinj argued, had already concatenated the codes and then retrieved them. So a different order of operations. And on appeal, Impinj points out, you could also simultaneously retrieve and concatenate at page 33 of its red brief. So there are different ways this could happen, but with the claims requiring this specific order, that's what there has to be corresponding disclosure in for the specification, and there isn't. If I can turn to figure 12, because I know you asked about that as well, Judge Toronto. Figure 12 is about the combination of codes that's being backscattered. That traces back to the original claims that Impinj had in this patent when it applied for them in 2008, and which Sand canceled. Impinj canceled it. This was a non-contingent motion to amend. And that is simply showing what this patent is about, which is taking one code and then another code elicited in response to the same command. So it's simply showing two codes that come after one command. And so does figure 13. Those are identical figures and identical disclosures. I don't understand why it was an error for the board to conclude that that shows the two codes linked together, especially since it expressly says no interim pause in figure 12. Chief Judge Gore, let me give you a few reasons. One is that there is no reference to concatenating in the figure or in the specification. I know that the- Yes, but we know what the words mean, and so why doesn't this show exactly what the words mean? Your Honor, you're right. We know what the words mean. It is a plain English word given a plain English meaning. And when the specification doesn't use that plain English word or its plain English meaning of linking, there isn't disclosure. What figure 12 shows is one code coming after another. Again, what's always been in the claims in the first iteration that were brought into the IPR and then in the second- The problem for you is that your standard of review, we're not looking at this de novo.  The board found substantial evidence that this figure, which shows these two codes expressly with no interim pause, suffices to demonstrate that those two codes are in fact linked together and therefore meet the definition of concatenate. And I don't see how I can overturn that under a substantial evidence standard of review. We do think you can, Your Honor, because the board's conclusion isn't supported by the written description. So it's undisputed here- The figures are part of the written description. They are, but the figures only show codes that are in combination. And Impinj agrees- So one of the places, certainly in my memory, where I've seen concatenation is I'm going to call it spatial concatenation, right? ABC concatenated with DEF is ABCDEF. We're not talking about that. We're talking about temporal concatenation, right? One thing after the next. So why doesn't figure 12 show that? And I don't understand. You seem to be having, you seem to have some idea of what linking means. And I don't understand what linking means that isn't beyond. It comes right after if we're talking about temporal concatenation, which I think everybody agrees we are. I'm not sure, Your Honor. We're really talking about just the plain and ordinary meaning of linking. And so it is important that there isn't a disclosure- What would it mean for a sequence in time to have its member linked? No, because- No, no, I don't know. No is not an answer to what would it mean question. What would it mean? What would it even mean to say that things that are concatenated in time are linked with each other that goes beyond one just comes after the next? If I understand your question, Your Honor, I think that the difference here is that concatenating simply means linking. And it is a particular function- You're not helping me by using a term whose meaning I am asking you about. Okay. Let me see if I can answer it this way. In the context of the claim language, this is an order of operations that has to be done. It's a verb. It's an action. It's a thing that has to be performed. So simply showing figure 12 where one code comes after the other, maybe in quick succession in figure 13, Impinj's expert said it could happen between as much as an hour in between the two codes, that isn't demonstrating a disclosure that Impinj at the time it filed this application in 2008 had possession of this very specific way of forming that combination. What is that specific way? I guess what I'm wondering is, I'm just staring at figure 12. What more do you think is required to have possession of concatenate without using the word concatenate or link? I'm trying to get a picture in my mind of what you think is the set of operations that have to be described so that we can see and be satisfied that the inventor was contemplating concatenating one code with another. Sure. So what we would want to see is a disclosure before figure 12 of what's happening in the processing block, which is where this operation needs to take place, and something putting the two codes together. And what does that mean? That's what I'm really trying to get at. I read your blue brief and your gray brief really carefully to try to figure out what you really think concatenate calls for. I couldn't quite get it out. Like as a technical matter, what has to happen to concatenate one code with another code? A programming, a software, some sort of command, an internal operation and action that actually links those two codes together. Maybe I can try to answer it with an analogy, which is always dangerous. But, you know, two television shows might come contiguously. That does not convey that the network has actually concatenated or linked those shows. I can stand next to someone and be even shoulder to shoulder. That conveys that we are continuous, we're adjacent, we might be touching. But that does not show that we're linked arm in arm and concatenated or linked. And again, I think this... So there needs to be some kind of physical attachment of one code to another code? Or logical, but some sort of operation. Because what Impinj did was introduce into this claim, and let's see, my time is just about up. But they introduced into this claim this particular way of making the combination. Combination has always been there. That's what figure 12 and figure 13 show. A combination in the context of this patent is one code coming after the other, being elicited in response to a single command. That does not convey to a person of ordinary skill in the art looking at the four corners of the specification without the claims in hand, that Impinj had possession of this particular concatenated... I know you're almost out of time. Do you have an expert reporter that says, look, this is what concatenate means in this field. And it requires something much more than just one code following immediately after the next code. That is not concatenate. What concatenate is in this part is requires some type of software action that actually, if not physically, logically, it attaches one code to another code. I would actually point to Impinj's own expert, Dr. Durgin, who gave this the ordinary meaning of linking in this area. But in terms of your... There's no expert report on your side. Our experts said there wasn't adequate written description, Mr. Fisher, at appendix 2370 to 2374. Okay, counsel. Let's hear from opposing counsel, Ms. Curtis. Thank you, Your Honor. Good afternoon, Your Honors. May it please the court. Chief Judge Moore, you were absolutely correct when you said that there is substantial evidence support for the board's finding here that the specification disposes concatenating. I'd like to start with Judge Taranto's question about the sequence of how to retrieve and concatenate the code. It is possible to have these things going on simultaneously. A good analogy that has helped me is thinking of Scrabble tiles in a bag. Each bag could be considered one of the memory banks. You pull bits or letters from each of the banks and you arrange them kind of as you're pulling. And that could be how retrieving and concatenating could occur simultaneously. Alternatively, you could pull the entirety of the bits, store them in some register, and concatenate once you have retrieved all of the bits. But I think the key point here... I don't really understand that. I guess I had understood that the code here, the portion of the code, was a unitary thing. So think of two tiles, Scrabble tiles, no more. You cannot concatenate two tiles unless you have both of them. You may go concatenate more tiles by getting more of them, but the claim is just about getting two things and putting them, concatenating, aligning them either temporally or spatially next to each other. I would agree, Your Honor, that you cannot concatenate... that the codes have not been concatenated until you do have all of the bits that you need in order to concatenate those codes. I would agree with that. But I just wanted to point out that that is not necessarily the only way that the order of steps can happen. They can go on simultaneously or they can all be retrieved and then all be concatenated. One of the reasons I'm sort of harping on this is it seemed to me, I don't know, noticeable that in your red brief you never say, argument forfeited about retrieving coming before. But even if not forfeited, so that even if the sequence is necessary, figure 12 shows that too. So there's written description support. And so I was thinking, you must be trying to preserve some, for infringement purposes, some scope of the claim that doesn't require having the two things before you concatenate them. Which I'm not, I guess, just to complete that, I don't understand how that's even possible. Okay, a couple of things there, Your Honor. I do believe we raised the forfeiture issue in the red brief. Yes, but you didn't say, even if we're wrong about forfeiture, there's still written description for support. Understood. I think there's one more step there also that this claim language doesn't actually require the order of steps of retrieving concatenating. There's nothing clear in the specification or prosecution history that would require those steps. But I agree, even if those steps are required, Your Honor's correct that figure 12 does show retrieving whatever bits you need to retrieve, concatenating those bits, and then sending out the combination. You don't think this claim encompasses concatenating first, retrieving second, right? I think it could. I don't know how technically that would really be possible to do all of the concatenating before it's been retrieved. Right, code one from memory bank one, code two from memory bank two. Logically, it's impossible to concatenate those suckers before you retrieve them from their independent memory banks. So I'm trying to understand your legal argument is, oh, you can go any which way with these steps because there's nothing in the law that requires the steps to be done one after the other in one particular sequence. But at least concatenating first, retrieval second, that, it doesn't make any sense to me. Right, I agree with that, Your Honor. It would either be retrieving everything and concatenating or retrieving and concatenating kind of as you go through the memory banks. So one of the things that the board relied upon on pages A27 and 28 is the written application and in particular paragraphs 125 as providing written description support. On pages A27 and 28 of the board's opinion, they talk about how these paragraphs pertain directly to figure 12. Is that your understanding? You're talking about the top of... The board's decision, the bottom of A27 and the top of A28 where they conclude that figure 12 provides written description support, they point to paragraphs from the patent application which can be found, I believe, at page 981 of the appendix. Do you have that handy? Yes, Your Honor. So paragraph 125 that's being cited by the board. Yes. I understand the board is citing both paragraph 125 and 128 as demonstrating how figure 12 meets the definition of concatenating. Is that your understanding as well? I believe that's correct, Your Honor. And so while figure 128 talks about how these... I'm sorry, paragraph 128 talks about how the first code and the second code and there's no interim pause and so they occur contiguously. That seems to me to be the definition of concatenate, but I understand opposing counsel wants it to be more linked or somehow intertwined or something more than just contiguous. So what about paragraph 125? Doesn't that support even under their construction notion that the board has demonstrated that this paragraph shows that these bits are interchanged and included? Yes, Your Honor, absolutely. It seems like even if there were some further requirement to concatenation that required some sort of linking, this paragraph 125 seems to me demonstrates that. I mean, I could be wrong. I think that's correct, Your Honor. And even if we just simply look at figure 12, it calls the code a combination of code. It's clear that the code that's coming out is one piece of code made up of the two formerly separate parts. And what we've just been talking about, this is column 13, lines 42 and following, I think. Is that right? Column 13, I believe up to 14, Your Honor. The top of column 14 uses the occurs contiguously language. That's correct. That's correct, Your Honor. And it also uses the no interim pause language. I would just briefly like to touch on, you know, the points about whether we considered retrieving before concatenating in some of our language to the board. And I believe that those statements were not attempting to set up what is specifically required by the claim language. I'm not sure I understand your argument. Are you now... I think perhaps like others today think it would be hard to concatenate two things if you don't have them both. Are you now sort of disputing or pushing back on that notion? No, Your Honor. Is your point about waiver? Is that what you're getting at? Yes, my colleague seemed to suggest that because we had talked about these claims in a particular way, they somehow hadn't forfeited this order of sets argument. And that is incorrect, I believe. If there are no further questions... Thank you, Ms. Curtis. Ms. Sweezy, you have some... Did I say that right? Malice? She said it was easy, like Sweezy. Ms. Sweezy, please proceed. I knew I didn't say it right. Thank you for the additional time. Let me see if I can respond briefly in a few quick points. Combination, contiguous, and concatenating do not mean the same thing. We have Impinja Green that combination and concatenating are different. Appendix 659 and page 33 of its red brief. And just again, we're talking about plain English words and their plain English meaning. Being contiguous to something is not concatenating or linking it. Second, it shouldn't be lost... Couldn't contiguous also, I don't know, suggest some kind of attachment? The plain meaning of contiguous. I don't think so, Your Honor, and not in the context of Figure 12 and what this patent is about. And keeping in mind that when Impinja added this narrowing limitation, it called it a narrowing limitation. It wasn't trying to claim what's in Figure 12 and Figure 13. It was trying to narrow it and it narrowed it by doing this concatenating function which isn't disclosed. With respect to paragraph 125, that isn't really adding anything. The Board simply cited that paragraph to say that the codes could either be partial or full. But paragraph 125 is just a generic discussion about backscattering the combination which again was always there dating back to 2008 but not a combination that has been concatenated. And then finally I would just add that the notion of temporal concatenation hasn't been in the record, wasn't part of this. It is simply the plain meaning of linking this additional function was added to the claims and Impinja shouldn't be entitled to these new claims added more than a decade later when this was the very basis and this is at Appendix 578 to 579 where Impinja argued against the prior art both in terms of concatenating and the order because it argued that concatenated codes nearby each other even when then truncated and retrieved wouldn't meet its claims of retrieving two codes and then concatenating them. We would ask the court to reverse.